**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDERICK BANKS**, | ) | |
|     Petitioner, | ) | |
| | ) | |
| **v.** | ) | Misc. No. 16-61 |
| | ) | |
| **MERIT SYS. PROT. BD. U.S. DEP'T OF JUSTICE,** *et al.*, | ) ) | |
|     Respondents. | ) | |

| | | |
|---|---|---|
| **FREDERICK BANKS**, | ) | |
|     Petitioner, | ) | |
| | ) | |
| **v.** | ) | Misc. No. 16-79 |
| | ) | |
| **JUDGE MARK HORNAK,** *et al.*, | ) | |
|     Respondents. | ) | |

| | | |
|---|---|---|
| **FREDERICK BANKS**, | ) | |
|     Petitioner, | ) | |
| | ) | |
| **v.** | ) | Misc. No. 16-80 |
| | ) | |
| **SGT. RAIBIL,** *et al.*, | ) | |
|     Respondents. | ) | |

## **MEMORANDUM OPINION**

### **I.**   **BACKGROUND AND PROCEDURAL HISTORY**

Frederick Banks ("Banks")—a pretrial detainee awaiting trial before another district judge of this court in criminal number 15-168 (the "15-168 case")—filed documents styled as *habeas corpus* petitions in the above-captioned cases,

1

ostensibly under 28 U.S.C. § 2241.[1] Because Banks—a vexatious litigant—did not seek or receive authorization from the court to file these documents, the court dismissed them without prejudice.[2] Thereafter, Banks filed the instant motions for reconsideration.[3] Because Banks's filings in these cases are not *habeas corpus* petitions, as discussed below, the court will deny Banks's motions for reconsideration.

## II. STANDARD OF REVIEW

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must show at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court dismissed the motions; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In the interest of finality at the district court level, motions for

---

[1] *See* (Misc. No. 16-61, ECF No. 1; Misc. No. 16-79, ECF No. 1; Misc. No. 16-80, ECF No. 1.)

[2] *See Banks v. Pope Francis, et al.* (Civ. No. 15-1400, ECF No. 7 (concluding that petitioner is a vexatious litigant and enjoining further filings by petitioner)); (Misc. No. 16-61, ECF No. 2; Misc. No. 16-79, ECF No. 2; Misc. No. 16-80, ECF No. 2.)

[3] *See* (Misc. No. 16-61, ECF No. 3; Misc. No. 16-79, ECF No. 3; Misc. No. 16-80, ECF No. 3.)

reconsideration should be granted sparingly; litigants are not free to retry issues the court already decided. *Am. Beverage Corp. v. Diageo N. Am., Inc.*, No. 12-601, 2013 WL 4010825, at *1 (W.D. Pa. Aug. 6, 2013).

## III. DISCUSSION

Banks does not point to an intervening change in the controlling law or new evidence unavailable when the court dismissed his filings in these cases. *See Quinteros*, 176 F.3d at 677. Banks argues only that the court "erred as a matter of law and fact" in dismissing his filings "because the vexatious[-]litigant order"—*Banks v. Pope Francis, et al.* (Civ. No. 15-1400, ECF No. 7)—applies only to "'any complaint, lawsuit or petition for writ of *mandamus*' filed by Banks," not "to *habeas corpus* petitions." *See* (Misc. No. 16-61, ECF No. 3 at 1.) Because these filings are not *habeas corpus* petitions, Banks's argument is without merit.

The vexatious-litigant order "enjoin[s]" Banks "from filing, without prior authorization of the [c]ourt, any complaint, lawsuit or petition for writ of *mandamus*"; it does not discuss the filing of a *habeas corpus* petition. *Banks v. Pope Francis, et al.* (Civ. No. 15-1400, ECF No. 7.) However, the "petitions" Banks filed in these cases are not § 2241 *habeas corpus* petitions. They are:

> (1) civil rights "complaint[s]" or "lawsuit[s]" alleging constitutional violations against state actors under 42 U.S.C. § 1983 or federal actors under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971);

3

(2) motions attacking the sufficiency of the evidence underlying the charges in the 15-168 case, or raising vindictive prosecution claims arising from the charges in the 15-168 case; or

(3) motions challenging the magistrate judge's pretrial detention order in the 15-168 case,[4] more appropriately raised in that case pursuant to the Bail Reform Act's appeal procedures, 18 U.S.C. § 3145(b), (c).

As a result, Banks's filings in these cases fall within the vexatious-litigant order's proscriptive scope or must be raised in the 15-168 case or pursuant to § 3145.

In the case filed at miscellaneous number 16-61, Banks names as defendants: "Merit System Protection Board US Dept of Justice"; "David Hicton, U.S. Attorney"; "Robert Cessar"; "Warden Orlando Harper"; "Adrian N. Roe, Esq."; "John Brennan, Central Intelligence Agency"; "U.S. Court of Appeals for the Third Circuit"; "Judge Mark Hornak"; and "Brian Babick, Law Clerk." (Misc. No. 16-61, ECF No. 1.) In his initial filing styled as a § 2241 *habeas corpus* petition, Banks alleges the charges in the 15-168 case "lack[] merit" because they were "only brought to detain [Banks] in prison to retaliate for previous civil lawsuits," and the government "could never prove the allegations because [Banks] is actually innocent of all the charges." (*Id.*) Banks goes on to challenge the sufficiency of the evidence underlying the charges in the 15-168 case, in detail. (*Id.*) Banks requests "Immediate Release from Confinement and Custody." (*Id.*)

---

[4] *See* (Crim. No. 15-168, ECF No. 20 (August 11, 2015 pretrial detention order).)

In the case filed at miscellaneous number 16-79, Banks names as defendants: "Judge Mark Hornak"; "Orlando Harper, Warden"; "David Hicton, US Atty"; "Judge Cathy Bissoon"; "Robert Cessar"; "SA Sean Langford"; "United States Marshal Service"; "Merit System Protection Board"; "U.S. Dept of Justice"; "John Brennan, CIA Director"; and the "Central Intelligence Agency." (Misc. No. 16-79, ECF No. 1.) In his initial filing styled as a § 2241 *habeas corpus* petition, Banks alleges "Warden Orlando Harper and Chaplan [*sic*] Statt and US Marshall [*sic*] Service failed and refused to provide [Banks]" various religious accommodations, including "a wand, chalice, sea salt, tarot cards or anything else to practice" Wicca. (*Id.*) Banks alleges district judges of this court "ridiculed [his] Wicca religion" by speaking to him with "passive-aggressive (sarcastic) language" and by "suggesting" it was "ludicrous for [Banks] to request that the Pope apologize for the Salem Witch Trials." (*Id.*) Banks alleges he was "ridiculed" though he "explained [that] the Pope of the Catholic Church is considered by many to be the moral compass for Christianity," and "many Wiccans believe that [the Pope] should take the lead and apologize for those atrocities." (*Id.*) Banks alleges the government retaliated against him based upon his Wiccan religion by "add[ing] additional bogus charges" in the 15-168 case, and he challenges the sufficiency of the evidence underlying those charges, in detail. (*Id.*) Banks requests immediate release from confinement. (*Id.*)

In the case filed at miscellaneous number 16-80, Banks names as defendants: "Sgt. Raibil"; "Kristin Vacsulka, Caseworker"; "Rich Fitzgerald, County Executive"; "Orlando Harper, Warden"; "Commission of Indian Affairs"; "Bureau of Indian Affairs"; "Secretary Ken Salazar"; "Department of the Interior"; "Central Intelligence Agency"; and "David Petrilli, CO." (Misc. No. 16-80, ECF No. 1.) In his initial filing styled as a § 2241 *habeas corpus* petition, Banks alleges a "caseworker authored a bogus report" raising "allegations of Indolence, Sexual Assault and . . . violations of the rules of a handbook based on a <u>note</u> she claimed [Banks] wrote to her." (*Id.* (emphasis in original).) According to Banks, the caseworker authored the alleged report "because of a previous lawsuit she was named in . . . to retaliate, because of [Banks's] American Indian Status and because [Banks] contested and complained that [he] was not given tools to practice [his] religion[,] Wicca." (*Id.*) Banks asks the court to "Expunge the Incident Report" and immediately release him from confinement. (*Id.*)

"Simply put," Banks's claims in these filings "are not cognizable in *habeas*," though they are raised in documents styled as § 2241 *habeas corpus* petitions. *Credico v. BOP FDC Warden of Phila.*, 592 F. App'x 55, 57–58 (3d Cir. 2014).

None of Banks's claims is a valid challenge to the "*fact* or *duration* of [his] imprisonment," the "essential purpose" of *habeas* relief. *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484, 498–99 (1973)) (emphasis added); *McGee v.*

6

*Martinez*, 627 F.3d 933, 935 (3d Cir. 2010) ("The 'core' [*habeas*] action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid."). Banks's pretrial vindictive prosecution claims and challenges to the evidence in the 15-168 case do not validly attack the "fact or duration" of his pretrial confinement; those claims must be raised at the appropriate time in the 15-168 case. *United States v. Roberts*, 463 F. App'x 72, 73–74 (3d Cir. 2012) (concluding that "[b]ecause adequate remedies were available . . . in [the defendant's] criminal case" for his vindictive prosecution claims and challenges to the evidence, the defendant "was not entitled to [§ 2241 *habeas*] relief"); *United States v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989) (a criminal defendant "bears the initial burden of proof in a vindictive prosecution [defense]").

None of Banks's claims is a valid challenge to the "'*execution* of his sentence,'" which is generally cognizable in a § 2241 *habeas corpus* petition. *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (quoting *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005)) (emphasis added). Banks—a pretrial detainee—has not been convicted of, let alone sentenced to imprisonment

for, the charges in the 15-168 case. Consequently, there is no federal "sentence" that has been improperly "executed" in these cases.[5]

In his filings styled as § 2241 *habeas corpus* petitions, Banks generally challenges the *conditions* of his pretrial confinement, which "cannot be [raised] in [a] *habeas*" petition. *See Credico*, 592 F. App'x at 57–58 ("'[W]hen the challenge is to a condition of confinement such that a finding in [the detainee's] favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.'" (quoting *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002))); *McGee*, 627 F.3d at 936 (same); *accord Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) ("*Habeas corpus* [relief] is not available to prisoners complaining only of mistreatment during their legal incarceration."). Banks's vindictive prosecution claims and challenges to the evidence in the 15-168 case must "[be] raised in [*that*] criminal case," at the appropriate time; they cannot be raised, pretrial, in a § 2241 *habeas corpus* petition. *Roberts*, 463 F. App'x at 74. Finally, because Banks is detained "awaiting trial," the "appropriate vehicle[s]" to allege "violations of [his]

---

[5] *Cf. Cardona*, 681 F.3d at 537 (requiring a showing that the "[Bureau of Prison's] conduct was . . . inconsistent with a command or recommendation *in the sentencing judgment*" (emphasis added)); *McGee*, 627 F.3d at 937 (a prisoner challenged the execution of his sentence by arguing that the "payment terms" imposed by the Bureau of Prisons in the Inmate Financial Responsibility Plan were "illegal in that they conflict[ed] with the terms *imposed by the sentencing court* (*in the judgment*)" (emphasis added)); *Woodall*, 432 F.3d at 238 (a prisoner challenged the execution of his sentence where the sentencing judgment contained a recommendation that he serve time in halfway house and the Bureau of Prisons refused to execute that recommendation).

constitutional rights" are generally "pretrial motions" in the 15-168 case or the "expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c)"—"not a *habeas corpus* petition" under § 2241. *Whitmer v. Levi*, 276 F. App'x 217, 219 (3d Cir. 2008); *cf. Roberts*, 463 F. App'x at 74 ("Given that [the defendant] made challenges to his pretrial detention that could have been raised via the review procedures of [18 U.S.C.] § 3145, it is at least questionable whether his § 2241 petition was the appropriate vehicle to obtain review.").

In sum, Banks's filings do not raise claims cognizable as *habeas* corpus petitions under § 2241. They (attempt to) raise: (1) civil rights lawsuits under § 1983 and *Bivens* that Banks did not seek or receive authorization to file under the vexatious-litigant order; (2) vindictive prosecution claims and challenges to the evidence that must be raised in the 15-168 case; or (3) challenges to the magistrate judge's pretrial detention order in the 15-168 case that should be raised in that case under the Bail Reform Act.[6] Petitioner, therefore, fails to demonstrate a "clear error of law or fact" or circumstances demonstrating "manifest injustice" resulting from

---

[6] It appears Banks attempted to appeal the magistrate judge's detention order to the district court in the 15-168 case, both through counsel and *pro se*. (Crim. No. 15-168, ECF Nos. 21, 26.) The district judge presiding over the 15-168 case: (1) denied Banks's *pro se* motion without prejudice because Banks is represented by counsel (Crim. No. 15-168, ECF No. 27); and (2) denied Banks motion filed through counsel without prejudice after determining that a competency hearing was necessary in Banks's criminal case. (Crim. No. 15-168, ECF No. 35.)

the court's denial of his "petitions" in these cases. *Quinteros*, 176 F.3d at 677. Consequently, petitioner's motions for reconsideration will be denied.

## V. CONCLUSION

For the reasons set forth in this memorandum opinion, Banks's motions for reconsideration will be denied. An appropriate order follows.

DATED: February 22, 2016

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

CC:

Frederick Banks (Inmate #120759)
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219